UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 1:24-CR- 2 5 0 |
| | : | |
| v. | : | |
| | : | (Judge         ) |
| FROCK BROTHERS | : | |
| TRUCKING, INC., | : | |
| Defendant. | : | (Electronically Filed) |

### *Amended* PLEA AGREEMENT

The following Plea Agreement is entered by the United States
Attorney for the Middle District of Pennsylvania and the above-
captioned defendant. Any reference to the United States or to the
Government in this Agreement shall mean the Office of the United
States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Waiver of Indictment/Plea of Guilty. The defendant agrees to
   waive indictment by a grand jury and plead guilty to a one-
   count felony Information, which will be filed against the
   defendant by the United States Attorney for the Middle District
   of Pennsylvania. That Information will charge the defendant in
   Count 1 with a violation of Title 18, United States Code, § 371,
   conspiracy to violate the Clean Air Act. The maximum penalty

CAF
Jci
$ 500,000

for that offense is five years' probation, a fine of $250,000, a

maximum term of supervised release of three years, to be

determined by the court, which shall be served at the conclusion

of and in addition to any term of imprisonment, the costs of

prosecution, denial of certain federal benefits, and an

CAF
Jes
$ 400
assessment in the amount of $100. At the time the guilty plea

is entered, the defendant shall admit to the court that the

defendant is, in fact, guilty of the offenses charged in both

counts of the Information.  The defendant agrees that the

United States may, at its sole election, seek additional charges

in the event that any guilty plea entered or sentence imposed

pursuant to this Agreement is subsequently vacated, set aside,

or invalidated by any court.  The defendant further agrees to

waive any defenses to the filing of additional charges, based

upon laches, the assertion of speedy trial rights, any applicable

statute of limitations, or any other ground.  The calculation of

time under the Speedy Trial Act for when trial must commence

is tolled as of the date of the defendant's signing of this Plea
Agreement.

2. <u>Venue Waiver</u>. The defendant agrees to knowingly waive the
right to challenge venue in the United States District Court for
the Middle District of Pennsylvania.

3. <u>No Further Prosecution, Except Tax Charges</u>. The United
States Attorney's Office for the Middle District of Pennsylvania
agrees that it will not bring any other criminal charges against
the defendant directly arising out of the defendant's
involvement in the offense described above. However, nothing
in this Agreement will limit prosecution for criminal tax
charges, if any, arising out of those offenses.

B. **Fines and Assessments**

4. <u>Fine</u>. The defendant understands that the court may impose a
fine pursuant to the Sentencing Reform Act of 1984. The willful
failure to pay any fine imposed by the court, in full, may be
considered a breach of this Plea Agreement. Further, the
defendant acknowledges that willful failure to pay the fine may

3

subject the defendant to additional criminal violations and civil

penalties pursuant to Title 18, United States Code, § 3611, et

seq.

5.  Special Assessment.  The defendant understands that the court

will impose a special assessment of $~~100~~ *$400* pursuant to the

provisions of Title 18, United States Code, § 3013.  No later

than the date of sentencing, the defendant or defendant's

counsel shall mail a check in payment of the special assessment

directly to the Clerk, United States District Court, Middle

District of Pennsylvania.  If the defendant intentionally fails to

make this payment, that failure may be treated as a breach of

this Plea Agreement and may result in further prosecution, the

filing of additional criminal charges, or a contempt citation.

6.  Collection of Financial Obligations.  In order to facilitate the

collection of financial obligations imposed in connection with

this case, the defendant consents and agrees:

a.  to fully disclose all assets in which the defendant has an

interest or over which the defendant has control, directly or

4

indirectly, including those held by a spouse, nominee, or other third party;

b.   to submit to interviews by the Government regarding the defendant's financial status;

c.   to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

d.   whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

e.   to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court; and

f.   to submit any financial information requested by the Probation Office as directed, and to the sharing of financial

5

information between the Government and the Probation

Office.

C. **Sentencing Guidelines Calculation**

7. <u>Determination of Sentencing Guidelines.</u>  The defendant and

counsel for both parties agree that the United States Sentencing

Commission Guidelines, which took effect on November 1, 1987,

and its amendments, as interpreted by *United States v. Booker*,

543 U.S. 220 (2005), will apply to the offense or offenses to

which the defendant is pleading guilty.  The defendant further

agrees that any legal and factual issues relating to the

application of the Federal Sentencing Guidelines to the

defendant's conduct, including facts to support any specific

offense characteristic or other enhancement or adjustment and

the appropriate sentence within the statutory maximums

provided for by law, will be determined by the court after

briefing, a pre-sentence hearing, and/or a sentencing hearing.

8. <u>Acceptance of Responsibility– Two/Three Levels.</u>  If the

defendant can adequately demonstrate recognition and

6

affirmative acceptance of responsibility to the Government as

required by the Sentencing Guidelines, the Government will

recommend that the defendant receive a two- or three-level

reduction in the defendant's offense level for acceptance of

responsibility. The third level, if applicable, shall be within the

discretion of the Government under U.S.S.G. § 3E1.1. The

failure of the court to find that the defendant is entitled to a

two- or three-level reduction shall not be a basis to void this

Plea Agreement.

9. <u>Specific Sentencing Guidelines Recommendations</u>.  With respect

to the application of the Sentencing Guidelines to the

defendant's conduct, the parties agree to recommend as follows:

a.  Pursuant to U.S.S.G. §§ 2X1.1(a) and 2Q1.2(a), the base

offense level for the substantive underlying offense is 8.

b.  Pursuant to U.S.S.G. § 2Q1.2(b)(1)(A), the offense resulted

in an ongoing, continuous, and repetitive discharge, release,

and emission of a hazardous and toxic substance into the

environment. Therefore, a six-level enhancement applies.

7

c.  Pursuant to U.S.S.G. § 8C2.1, the fine guidelines set forth in

U.S.S.G. §§ 8C2.2 through 8C2.9 do not apply to offenses

involving the environment under U.S.S.G. § 2Q.  Thus,

pursuant to U.S.S.G. § 8C2.10, the total fine referenced in

this Agreement satisfies the provisions of 18 U.S.C. § 3553.

Each party reserves the right to make whatever

remaining arguments it deems appropriate with regard to

application of the United States Sentencing Commission

Guidelines to the defendant's conduct.  The defendant

understands that this recommendation is not binding upon

either the court or the United States Probation Office, which

may make different findings as to the application of the

Sentencing Guidelines to the defendant's conduct.  The

defendant further understands that the United States will

provide the court and the United States Probation Office all

information in its possession that it deems relevant to the

application of the Sentencing Guidelines to the defendant's

conduct.

8

D. **Sentencing Recommendation**

    10. Recommendation of Probation and Fine. At the time of

        sentencing, the United States will recommend that the

        defendant be placed on 2 years' probation, if the defendant

        qualifies under law, and that the Court impose a fine in the

        amount of $80,000.00. The defendant understands that these

        recommendations are not binding upon either the Court or the

        United States Probation Office, and that the Court is free to

        impose any sentence up to and including the maximum allowed

        by law as described herein. The defendant further understands

        that the United States will provide the Court and the United

        States Probation Office all information in its possession that it

        deems relevant to the application of the Sentencing Guidelines

        to the defendant's conduct.

    11. Special Conditions of Probation/Supervised Release. If

        probation or a term of supervised release is ordered, the United

        States may recommend that the court impose one or more

        special conditions, including but not limited to the following:

a. The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the court.

b. The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

c. The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

d. The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

e. The defendant be directed to notify the court or the Probation Office immediately upon learning of any material adverse change in its business or financial condition or prospects, or the commencement of any bankruptcy proceeding, major civil litigation, criminal prosecution, or administrative proceeding against the defendant, or any

10

investigation or formal inquiry by governmental authorities
regarding the defendant.

E. <u>Restitution</u>

12. <u>Restitution</u>. The defendant agrees that the Government will
seek and the court may impose an order of restitution as to
victims of the defendant's relevant conduct. With respect to the
payment of restitution, the defendant further agrees that, as
part of the sentence in this matter, the defendant shall be
responsible for making payment of restitution in full, unless the
defendant can demonstrate to the satisfaction of the court that
the defendant's economic circumstances do not allow for the
payment of full restitution in the foreseeable future, in which
case the defendant will be required to make partial restitution
payments. In addition to the schedule of payments that may be
established by the court, the Defendant understands and agrees
that, pursuant to the Mandatory Victims Restitution Act of
1996 and the Justice For All Act of 2004, victims of Federal
Crime are entitled to full and timely restitution. As such, these

11

payments do not preclude the government from using other

assets or income of the Defendant to satisfy the restitution

obligation.  The Defendant understands and agrees that the

United States Attorney's Office, by and through the Financial

Litigation Unit, has the obligation and the right to pursue any

legal means, including but not limited to, submission of the debt

to the Treasury Offset Program, to collect the full amount of

restitution owed to the victim(s) in a timely fashion.  Although

the defendant may reserve the right to contest the amount of

restitution owed, the defendant agrees to take all steps to

facilitate collection of all restitution, including submitting to

debtor's exams as directed by the Government.  Towards this

goal, the defendant agrees to waive any further notice of

forfeiture and agrees that the United States may, at its sole

election, elect to pursue civil and/or criminal forfeiture in the

amount of the victim restitution owed in this case, and the court

may enter both a restitution order and a forfeiture judgment in

the amount of any unpaid restitution found by the court to be

due and owing at the time of sentencing in this matter. The

defendant consents to the filing of any civil complaint or

superseding information which may be necessary to perfect a

forfeiture order and further stipulates and agrees that the

defendant's guilty plea constitutes an admission to all matters

legally and factually necessary for entry of a forfeiture order in

this case. The parties agree that any restitution payments

obtained by the United States or the victim will be applied by

the United States to reduce both the restitution obligation in

this case and the amount of the outstanding forfeiture order

entered by the court. The parties further agree that the

Government will recommend that any assets recovered through

forfeiture proceedings be remitted to crime victims to reduce the

defendant's restitution obligation in this case. The defendant

acknowledges that the making of any payments does not

preclude the Government from using other assets or income of

the defendant to satisfy the restitution obligations. The

defendant understands that the amount of restitution

13

calculated for purposes of Chapter 5 of the Sentencing

Guidelines might be different from the amount of loss calculated

for purposes of Chapter 2 of the Sentencing Guidelines.

F.  **Information Provided to Court and Probation Office**

13.  **Background Information for Probation Office**.  The defendant

understands that the United States will provide to the United

States Probation Office all information in its possession that the

United States deems relevant regarding the defendant's

background, character, cooperation, if any, and involvement in

this or other offenses.

14.  **Objections to Pre-Sentence Report**.  The defendant understands

that pursuant to the United States District Court for the Middle

District of Pennsylvania "Policy for Guideline Sentencing" both

the United States and defendant must communicate to the

Probation Officer within 14 days after disclosure of the pre-

sentence report any objections they may have as to material

information, sentencing classifications, sentencing guideline

ranges, and policy statements contained in or omitted from the

14

report. The defendant agrees to meet with the United States at
least five days prior to sentencing in a good faith attempt to
resolve any substantive differences. If any issues remain
unresolved, they shall be communicated to the Probation Officer
for inclusion in an addendum to the pre-sentence report. The
defendant agrees that unresolved substantive objections will be
decided by the court after briefing, or a pre-sentence hearing, or
at the sentencing hearing where the standard or proof will be a
preponderance of the evidence, and the Federal Rules of
Evidence, other than with respect to privileges, shall not apply
under Fed. R. Evid. 1101(d)(3), and the court may consider any
reliable evidence, including hearsay. Objections by the
defendant to the pre-sentence report or the court's rulings, will
not be grounds for withdrawal of a plea of guilty.

15. Relevant Sentencing Information. At the sentencing, the
United States will be permitted to bring to the court's attention,
and the court will be permitted to consider, all relevant
information about the defendant's background, character, and

15

conduct, including the conduct that is the subject of the charges

that the United States has agreed to dismiss, and the nature

and extent of the defendant's cooperation, if any.  The United

States will be entitled to bring to the court's attention and the

court will be entitled to consider any failure by the defendant to

fulfill any obligation under this Agreement.

16. <u>Non-Limitation on Government's Response</u>.  Nothing in this

Agreement shall restrict or limit the nature or content of the

United States' motions or responses to any motions filed on

behalf of the defendant.  Nor does this Agreement in any way

restrict the government in responding to any request by the

court for briefing, argument, or presentation of evidence

regarding the application of Sentencing Guidelines to the

defendant's conduct, including but not limited to, requests for

information concerning possible sentencing departures.

G.  **Court Not Bound by Plea Agreement**

17. <u>Court Not Bound by Terms</u>.  The defendant understands that

the court is not a party to and is not bound by this Agreement,

or any recommendations made by the parties. Thus, the court is free to impose upon the defendant any sentence up to and including the combined maximum sentence of 5 years' probation, a fine of $~~250,000~~ $500,000 or twice the amount of the gross loss resulting from the offense, a maximum term of supervised release of up to three years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $~~100.~~ $400

18. *No Withdrawal of* Plea Based on Sentence or Recommendations. If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this Agreement.

H. **Breach of Plea Agreement by Defendant**

19. <u>Breach of Agreement</u>. In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations. Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

20. <u>Remedies for Breach</u>. The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

18

   a.  The defendant will not be permitted to withdraw any guilty
       plea tendered under this Agreement and agrees not to
       petition for withdrawal of any guilty plea;

   b.  The United States will be free to make any
       recommendations to the court regarding sentencing in this
       case;

   c.  Any evidence or statements made by the defendant during
       the cooperation phase of this Agreement, if any, will be
       admissible at any trials or sentencings;

   d.  The United States will be free to bring any other charges it
       has against the defendant, including any charges originally
       brought against the defendant or which may have been
       under investigation at the time of the plea.  The defendant
       waives and hereby agrees not to raise any defense to the
       reinstatement of these charges based upon collateral
       estoppel, Double Jeopardy, or other similar grounds.

21. Violation of Law While Plea or Sentence Pending.  The
    defendant understands that it is a condition of this Plea

Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the government may petition the court and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate. The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

20

I. **Other Provisions**

22. <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this
Agreement shall bind any other United States Attorney's Office,
state prosecutor's office, or federal, state, or local law
enforcement agency.

23. <u>Status of Professional License or Contracts</u>.  It is further
understood and agreed that the status of any professional
license or contracts held by the defendant is not protected by
this Agreement and is a matter solely within the discretion of
the appropriate licensing authority, including but not limited
those subject to the provisions of 42 U.S.C. § 7606.  The United
States may in its discretion provide to any such licensing or
regulatory authority any documents and information in its
possession.

24. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or
initiate any civil claims or suits against the United States of
America, its agencies, or employees, whether or not presently
known to the defendant, arising out of the investigation,

21

prosecution, or cooperation, if any, covered by this Agreement,
including but not limited to any claims for attorney's fees and
other litigation expenses arising out of the investigation and
prosecution of this matter.  By the defendant's guilty plea in
this matter the defendant further acknowledges that the
Government's position in this litigation was taken in good faith,
had a substantial basis in law and fact and was not vexatious.

25. Plea Agreement Serves Ends of Justice.  The United States is
entering into this Plea Agreement with the defendant because
this disposition of the matter fairly and adequately addresses
the gravity of the series of offenses from which the charges are
drawn, as well as the defendant's role in such offenses, thereby
serving the ends of justice.

26. Merger of All Prior Negotiations.  This document states the
complete and only Plea Agreement between the United States
Attorney for the Middle District of Pennsylvania and the
defendant in this case, and is binding only on the parties to this
Agreement and supersedes all prior understandings or plea

22

offers, whether written or oral.  This agreement cannot be

modified other than in writing that is signed by all parties or on

the record in court.  No other promises or inducements have

been or will be made to the defendant in connection with this

case, nor have any predictions or threats been made in

connection with this plea.  Pursuant to Rule 11 of the Federal

Rules of Criminal Procedure, the defendant certifies that the

defendant's plea is knowing and voluntary, and is not the result

of force or threats or promises apart from those promises set

forth in this written Plea Agreement.

27. <u>Defendant is Satisfied with Assistance of Counsel</u>. The

Defendant agrees that the defendant has discussed this case

and this plea agreement in detail with the defendant's attorney

who has advised the defendant of the defendant's Constitutional

and other trial and appeal rights, the nature of the charges, the

elements of the offenses the United States would have to prove

at trial, the evidence the United States would present at such

trial, possible defenses, the advisory Sentencing Guidelines and

other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

28. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., September 16, 2024, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

29. <u>Corporate Authorization</u>. Defendant, through its corporate officer, represents that it is authorized to enter into this Agreement. At the time of signing this Agreement, Defendant shall provide to the United States a written statement, to be filed with the Court, in the form of notarized legal documents certifying that Defendant is authorized to enter into and comply with all of the provisions of this Agreement. The resolution

24

further shall certify that Defendant's governing body and

Defendant's parent company's Board of Directors have

authorized these actions, and that all corporate formalities for

such authorizations have been observed.

30. <u>Required Signatures</u>.  None of the terms of this Agreement shall

be binding on the Office of the United States Attorney for the

Middle District of Pennsylvania until signed by the defendant

and defense   counsel and then signed by the United States

Attorney or his designee.

## ACKNOWLEDGMENTS

The defendant, FROCK BROTHERS TRUCKING, INC., through
its authorized representative listed below, has consulted with its
attorneys, and fully understands all of its rights with respect to the
offenses charged in the information.  The authorized representative
understands this plea agreement, voluntarily agrees to it, and
represents that FROCK BROTHERS TRUCKING, INC. decision to
enter this agreement was made in accordance with the terms of the
corporation's charter and bylaws.

9/17/24
Date

Jane E. Frock

Corporate Officer of Frock Brothers
Trucking, Inc., Defendant

25

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

9/17/24

Date

CHRISTOPHER FERRO, ESQ.
Counsel for Defendant

GERARD M. KARAM
United States Attorney

September 18, 2024

Date

WILLIAM A. BEHE
Assistant U. S. Attorney

WAB/smd/2023R00245 (9/11/2024)
VERSION DATE:  March 8, 2021

26